**Emad Nabil LOCKA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1596–ag.**

United States Court of Appeals, Second Circuit.

April 16, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Camille J. Mackler, Law Office of Theresa Napolitano, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation Counsel, R. Alexander Goring, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Emad Nabil Locka, a native and citizen of Egypt, seeks review of the March 20, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Emad Nabil Locka,* No. A97 152 956 (B.I.A. Mar. 20, 2007), *aff'g* No. A97 152 956 (Immig. Ct. N.Y. City Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Moreover, when the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), overruled in part on other grounds by *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

As a preliminary matter, because Locka's brief to this Court failed to challenge the agency's pretermission of his asylum application and its denial of his CAT claim, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Regarding Locka's withholding of removal claim based on his past experi-

ences, we find that substantial evidence supports the agency's adverse credibility determination. For example, the omission from his written statement of the Egyptian state security officer's threat of detention was "material" to his claim of religious persecution because it related to the government's alleged unwillingness to protect him from Islamic extremists. *See Zhou Yun Zhang*, 386 F.3d at 74; *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006) ("[I]t is well established that private acts may be persecution if the government has proved unwilling to control such actions."). Similarly, based on the fact that Locka testified that the threat of detention dissuaded him from filing an official report of the June 1997 incident, this omission was "substantial" when measured against the record as a whole. *Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003).

In addition, while Locka testified that he stayed in the homes of various friends and relatives because he was in danger after the June 1997 incident, the omission of this detail from his written statement was material to his alleged fear of harm on account of his religious beliefs. *See Zhou Yun Zhang*, 386 F.3d at 74. Furthermore, given Locka's own admission that this was a significant detail, the omission was "substantial" when measured against the record as a whole. *Secaida–Rosales*, 331 F.3d at 308–09.

Although Locka offered explanations for these omissions, no reasonable adjudicator would have been compelled to accept them. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). As to the agency's other credibility findings, no error alleged by Locka

would (even if found) induce us to disturb the adverse credibility determination, as it can be confidently predicted that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006).

■ A withholding of removal claim premised on objective evidence of future persecution "may, in appropriate instances, be sustained even though an IJ … has found not credible the applicant's testimony alleging past persecution." *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Here, however, substantial evidence supports the IJ's conclusion that the record evidence did not establish that it was more likely than not that Locka would be harmed in Egypt on account of his religious beliefs. *See* 8 C.F.R. § 1208.16(b)(1) (withholding of removal). The IJ noted that while the U.S. State Department's 2004 Report on Human Rights Practices in Egypt stated that there were tensions between the Coptic Christian minority and the Muslim majority, there were no recent reports of violent attacks against Christians in Egypt. While Locka points to record evidence suggesting that such attacks have occurred in the past, this evidence does not compel a finding contrary to the IJ's.[2] *See* 8 U.S.C. § 1252(b)(4)(B). Accordingly, the agency's denial of his withholding claim was not improper.

For the foregoing reasons, the petition for review is DENIED.

---

**2.** In addition, it was not improper for the IJ to note that Locka's fear of future harm was undermined by the fact that his father remained in Egypt without apparent incident and, according to Locka, attended church

each week. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999). *But see Uwais v. U.S. Att'y Gen.*, 478 F.3d 513, 519 (2d Cir. 2007).